# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2964

_____

Linda Gilbert,                  *

                          *

       Plaintiff - Appellant,      *

                          *    Appeal from the United States

      v.                        *    District Court for the Eastern

                          *    District of Arkansas.

Kenneth S. Apfel, Commissioner,    *

Social Security Administration,      *

                          *

       Defendant - Appellee.      *

_____

Submitted: February 12, 1999

Filed: April 13, 1999

_____

Before WOLLMAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

LOKEN, Circuit Judge.

In June 1994, Linda Gilbert applied for Social Security supplemental security income benefits. Ms. Gilbert claims she is disabled by a combination of physical and mental impairments -- arthritis, obesity, carpal tunnel syndrome, chronic depression, hypertension, and urinary incontinence. After a hearing, the Commissioner's administrative law judge denied benefits, finding that Ms. Gilbert "does not have any impairment or impairments which significantly limit her ability to perform basic work-related activities." In other words, the ALJ stopped at step two of the five-step analysis the Commissioner applies in these cases because he found Ms. Gilbert does

not suffer from a "severe" impairment.  See 20 C.F.R. § 416.920(c); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  After the Commissioner's Appeals Council denied review, Ms. Gilbert sought judicial review of the adverse agency decision.  She now appeals the district court's grant of summary judgment in favor of the Commissioner.  We reverse.

The ALJ found that Ms. Gilbert has minor pain consistent with arthritis, wears a brace on her right hand, is very overweight with some shortness of breath, suffers from depression, has high blood pressure, and complains of urinary incontinence.  The ALJ found her subjective complaints of pain are not credible and the medical record does not establish she has diabetes or a kidney impairment.  From these findings, the ALJ concluded Ms. Gilbert does not have a severe impairment.

At the administrative hearing, the ALJ sought testimony by a vocational expert, posing the following hypothetical:

> Q  Okay.  Assume I have a hypothetical individual, and that individual is a high school graduate, 42 years of age, has mild pain.  Let's say her personal contact with people would have to be only incidental to the work performed, and also it would have to be a type of work that would not require fine manual dexterity of the hands. . . . [C]ould a person fitting that description do any of the past work of the claimant?
>
> A  Your Honor, were there any restrictions in lifting in this question?
>
> Q  No, other than the fact that it's sedentary [work].
>
> *    *    *    *    *
>
> A  No, Your Honor, such a[n] individual could not perform past work.

-2-

Q  Are there entry level jobs available for a person fitting that description?

A  No, Your Honor, there would not be.

Q  What are the characteristics that would rule out any jobs that this person could do?

A  Your Honor, manual dexterity would be required in jobs such [as] assembly, entry level assembly positions.

The testimony of a vocational expert is relevant at steps four and five of the Commissioner's sequential analysis, when the question becomes whether a claimant with a severe impairment has the residual functional capacity to do past relevant work or other work.  See 20 C.F.R. §§ 416.920(e) & (f), 416.945-.946.  Although our focus here is on step two, the severe impairment inquiry, the vocational expert's answers to the ALJ's hypothetical questions are strong evidence that Ms. Gilbert's impairments are indeed severe -- the impairments not only "significantly limit her ability to perform basic work-related activities," the test for severity; in the vocational expert's opinion, they preclude Ms. Gilbert from working altogether.  Thus, unless the ALJ found upon reflection that she does not have the impairments attributed to her in his hypothetical questions, his finding of not severe is contrary to this neutral expert's opinion.

In the ALJ's final opinion, he noted the vocational expert's opinions but disregarded them because "the [work] limitations set forth in these hypothetical questions are not supported by the credible evidence of record."  In posing hypothetical questions to a vocational expert, an ALJ must include all impairments he finds supported by the administrative record.  See House v. Shalala, 34 F.3d 691, 694 (8th Cir. 1994).  Although the ALJ here was certainly entitled to find at the end of the hearing fewer or less severe impairments than he tentatively posed to the vocational expert, the ALJ's hypothetical questions in fact omitted impairments that

he ultimately found present, particularly Ms. Gilbert's obesity and some symptoms of her depression. The ALJ did make a subsidiary finding that Ms. Gilbert's "arthritis and carpal tunnel syndrome are not severe impairments." That conclusory finding supports the ALJ's decision to disregard the vocational expert's opinions. But the significance of the finding is diminished by the ALJ's failure to analyze the extent to which Ms. Gilbert's arthritis and carpal tunnel syndrome, which the ALJ labels non-severe, have produced the lack of manual dexterity that was the basis for the vocational expert's opinion she is essentially unemployable.

The Social Security Administration has published a ruling on the issue of severe impairments which cautions:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. . . . [S]equential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

Social Security Ruling 85-28, quoted in Yuckert, 482 U.S. at 158 (O'Connor, J., concurring). Applying this cautious standard to the contradictory evidence in the administrative record, we conclude that substantial evidence does not support the ALJ's decision to stop the sequential analysis of Ms. Gilbert's claim with a step two finding that she has no severe impairment.

The judgment of the district court is reversed and the case is remanded with directions to remand to the Commissioner for further proceedings not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.